# MOORE v. JONES.

1. The time within which an appeal may be taken from a judgment of a justice of the peace, does not begin to run until the judgment has received the final action and approbation of the justice, whether he grants a new trial, entertains a motion for that purpose, or improperly sets his judgment aside, and afterwards reinstates it.

2. When a garnishee answered, that he would be indebted to the defendant in attachment, or to another person, who is named, in a certain sum, at a future time, the court may cause citation to be issued to such person, to contest with the plaintiff the right to the money.

3. When the plaintiff controverts the answer of the garnishee, or the right of a transferee to the debt, an issue will be sufficient, if it re-asserts, that the garnishee is indebted, or conceding the answer to be true, denies that the assignee has any adverse rights.

4. It is not competent to prove by reputation, that a party who had been in possession of land, occupied it as a tenant, and had no title.

5. A witness, (the wife of the defendant in attachment,) was asked, " did you not, after the lot was rented to Wm. Byrne, for the year 1845, and before the rent was due, promise to pay debts to W. & H., B. & T., and M. A. and J. H. W., in a conversation between Wm. Houston and yourself, in the parlor of the Marion Hotel, or in the Marion Hotel, out of the rent due by said Byrne, for said lot, in 1845 ;" and she having answered in the negative—Held, that the plaintiff might prove by Houston, that she did make such statements, for the purpose of discrediting her, she having been called by the opposite party, to prove his right to the rent of the land.

6. The mere fact, that a bond for title to real estate is made to a married woman, does not establish that it is her separate estate, at least in a court of law ; and if the property be occupied by tenants, the husband may sue for the rent, or the tenant may be garnisheed by the husband's creditors. If the wife has any equitable rights, she may assert them in a court of equity.

7. The court cannot determine upon the credibility of a witness. Though contradicted as to part of his testimony by other witnesses, the jury may believe the residue : but if satisfied that he testified corruptly false, should reject his entire testimony.

Writ of Error to the Circuit Court of Perry. Before the Hon. G. D. Shortridge.

Moore v. Jones.

On the 13th August, 1845, defendant in error made an affidavit that she had recovered a judgment before a justice of the peace of Perry, against Charles Chidsey, and that the money thereon due, could not be made of him; thereupon a garnishment was issued by the justice to C. G. Byrne, a supposed debtor of Chidsey. The garnishee answered on the 26th day of August, that he would be indebted to the plaintiff in error, or Chidsey, on the 1st January 1846, in the sum of $150, subject to a deduction of $50, for the rent of a house for 1845. On the same day a notice was issued by the justice, to the plaintiff in error, to come in and maintain his right to the sum admitted by the garnishee; this notice was returnable on the 9th September, 1845. A case was made between the parties now before this court, which was continued by the justice from time to time, until the 9th of October, 1845, when a judgment was rendered in favor of the defendant in error for costs. On the 10th of October, a motion was made before the justice for a new trial which was granted, and the cause set for hearing the next day, when the motion for a new trial was set aside; and on the succeeding day, an appeal prayed and granted, but no bond was executed until the 16th of October.

On the 22d October, a notice was issued to, and executed on the defendant in error, informing him that an appeal had been granted, returnable to the fall term of the circuit court, holden in 1845. On the 30th March, 1846, a notice was issued by the clerk of that court, to the plaintiff in error, requiring him to come in and contest with the defendant, the validity of the transfer of the indebtedness admitted by the garnishee. At the succeding fall term, the plaintiff in error was made a party on his own motion; and thereupon moved to dismiss the appeal, on the ground that the bond was not executed within the time prescribed by law. This motion was overruled by the court.

The defendant then moved to quash the motion which had been served on him; this motion was also overruled. Thereupon the plaintiff tendered an issue, to which the defendant demurred, and his demurrer being overruled, he joined in the issue; which was submitted to a jury,

38

who returned a verdict for plaintiff, on which a judgment was rendered against the defendant for costs, and a *proceden- do* directed to issue to the justice.

Pending the trial, the defendant below excepted to the ruling of the presiding judge. The bill of exceptions presents the following points: 1. The plaintiff having examined the garnishee, Byrne, in respect to the contract for the rent of the premises referred to in his answer, for the year 1845, introduced another witness, of whom he inquired if it was not notorious in the community that Robert E. Love, who occupied the same in the year 1844, was a tenant, and not the owner. Plaintiff also proved by another witness, that Love admitted that such was the fact. To the admission of this evidence the defendant objected, but his objection was overruled, and the witness answered, that it was common reputation in the community, that Love's possession was as a tenant, and this answer was allowed to go to the jury in despite of an objection by the defendant.

2. The defendant introduced the deposition of the wife of Charles Chidsey, who testified that she had transferred to the defendant, with the consent of her husband, a bond executed in her favor by Lea and Towns, conditioned to make titles to the premises occupied by Byrne: *Further,* this transfer was made for a valuable consideration. This witness also stated that the defendant was placed in the possession of the premises before the same were occupied or rented by Byrne. Among the questions proposed to her was one as follows:— "Did you not, after the lot was rented to Mr. Byrne, for the year 1845, and before the rent was due, promise to pay debts to Wyatt & Houston, and Brown & Foulkes, and M. A. & J. H. Myatt, in a conversation between Wm. Houston and yourself, in the parlor of the Marion Hotel, or in the Marion Hotel, out of the rent due by Byrne for said lot for 1845." This question being answered in the negative, the plaintiff offered to prove by Wm. Houston, that Mrs. Chidsey, in the conversation alluded to in the foregoing interrogatory, did make the promise therein referred to. The defendant objected to the introduction of such testimony, because there was not a sufficient predicate laid by the interrogatory to Mrs. Chidsey; but the examination was permitted by the

court, and the witness stated that Mrs. Chidsey did make to him the promise which the interrogatory to her supposed.

W. R. Brown was then offered by the plaintiff, to prove a contract between the witness and Mrs. Chidsey, in respect to the application of a part of the money to be paid by Byrne for the rent of the premises referred to. Witness testified that such a contract was made in the presence of the defendant, and, as he understood, received defendant's assent. This testimony was objected to by the defendant, but received by the court.

The court charged the jury: 1. That the bond of Lea & Towns to make titles to Mrs. Chidsey, inured to her husband, with all the rights it conferred. 2. If they believed that Mrs. Chidsey testified falsely in one particular, her testimony was to be regarded as untrue in every particular.

Thereupon the defendant prayed the court to charge the jury: 1. That if Mrs. Chidsey was contradicted by only one witness, her testimony was entitled to as much credit as the contradicting witness—that the jury had as much right to believe Mrs. Chidsey as Mr. Houston. This charge was refused—the court saying that where the witness had an opportunity to be on her guard as in this case, and was contradicted, the weight of testimony was with the contradicting witness, and the common rule of one against another, did not apply. To the several rulings of the circuit court shown by the bill of exceptions, the defendant excepted, &c.

I. W. Garrott, for the plaintiff in error, made the following points: 1. The appeal should have been dismissed, because the bond was not executed in due season. Clay's Dig. 314, § 9; 1 Stew. Rep. 407; 3 Stewt. & P. Rep. 331; 2 Port. Rep. 342. 2. Defendant below did not claim under a transfer or assignment from Chidsey, and could not have been required to come in and contest with the plaintiff his right to the debt, admitted by Byrne. The notice to him should therefore have been dismissed. Clay's Dig. 63, § 39, 40. 3. The demurrer should have been sustained to the issue tendered; because it does not state the date, amount or time of maturity of the debt sought to be condemned. 8 Ala. Rep. 811. 4. The evidence of reputation, in respect to

the occupancy of the premises in 1844, was inadmissible; and besides, it was irrelevant. 1 Phil. Ev. 249; 1 Stark. Ev. 60. 5. The interrogatory to Mrs. Chidsey did not lay a sufficient predicate for the introduction of a witness to contradict her. 1 Greenl. Ev. 514, 515, note 1; 1 Phil. Ev. 294. A witness cannot be contradicted to a collateral matter. 1 Phil. Ev. 272-3; 2 Id. C. & H's Notes, 726 to 729; 1 Stark. Ev. 134, 145-6. Besides, defendant could not be affected by declarations made by Mrs. Chidsey, when he was not present, nor would such declarations avail any thing if made after the assignment of the debt when he was present. 6. The bond for titles being made to Mrs. Chidsey, she, and not her husband would be entitled to the rent, and it cannot be subjected to his debts. Clancy on H. & W. 5 and 6; 2 M. & S. Rep. 393; 16 Mass. Rep. 480; 8 Ala. R. 907. 7. The court should not have assumed as a conclusion, that Mrs. Chidsey's testimony was false *in toto*, because she was contradicted in one point, but should have submitted it to the jury to pass upon the credibility of the witnesses. 1 Phil. Ev. 293; 1 Greenl. Ev. 293 to 295. 8. The record does not show that a judgment was rendered against C. Chidsey, and in the absence of such judgment there could be no proceeding by garnishment. 5 Ala. Rep. 648.

H. DAVIS, for the defendant. The bond for an appeal was executed in due season; but if it was not, the motion to dismiss came too late. 1 Stewt. Rep. 61, 457; 3 Stewt. & P. Rep. 331. Until the motion for a new trial was denied, the judgment was incomplete, and within five days after that time, the appeal was taken. The record shows that the appeal was granted immediately the judgment was perfected, and the statute being directory merely, a bond might be executed at any subsequent time.

Mrs. Chidsey being the wife of the defendant in the judgment, whose supposed debtor was garnisheed, was an incompetent witness within the act of 1845, "for the relief of mortgagees and for other purposes," which disqualifies the defendant in execution from giving testimony on the trial of the right of property. This being so, all the charges which relate to her testimony are immaterial.

The charge in reference to the effect of the title bond to Mrs. Chidsey, whether correct or not, as a universal proposition, is certainly unobjectionable as applied to the testimony. 8 Ala. Rep. 650. A sufficient predicate was laid for discrediting the witness, and the plaintiff in error should have supported her. But in the absence of such assistant proof, the circuit judge laid down the law correctly in his charge to the jury, as to the weight which her testimony was entitled. 1 Stark. Ev. 145, 521; 3 Id. 1753, 1758; 1 Phil. Ev. 291, 293; 2 Id. C. & H's Notes, 771; 1 Dev. R. 508; 7 Wheat. R. 283, 338-9.

The plaintiff in error did not prove a consideration for the transfer of the debt due Chidsey by Byrne, and he is not therefore prejudiced by the refusal to give the charges prayed. 4 Ala. Rep. 258. The first charge is the assertion of a mere abstract conclusion, for which the judgment will not be reversed, even if it laid down the law incorrectly; but it is insisted that it is unobjectionable in itself.

COLLIER, C. J.—1. It is provided by statute, that "any person aggrieved by the judgment of any justice of the peace may, within five days thereafter, appeal to the next circuit or county court, sitting for his county, first giving to such justice bond with good security, in double the amount of such judgment, conditioned to prosecute such appeal with effect; and in case he be cast therein, to pay and satisfy the condemnation of the court." Clay's Dig. 314, § 9. This enactment is perfectly plain and intelligible in its requirements, both as to the time within which the appeal may be prayed for and a bond executed; yet we apprehend that the time will not begin to be computed, until the judgment has received the final action and approbation of the justice. Whether he is authorized to grant a new trial or not, if he entertains a motion for that purpose, or improperly sets his judgment aside, and afterwards reinstates it, in either case it is competent to execute a bond for an appeal within the time prescribed by the statute, after the final determination of the justice is made known. For then, and not sooner, does the officer rendering the judgment consider it final. Upon this hypothesis the bond was executed in due season,

by excluding and including a day—which is the acknowledged mode of computation in such cases.

2. The act of 1840 enacts that when a garnishee shall answer that he has received notice of the transfer of the debt or property in respect to which the garnishment issued, the court shall not render judgment against the garnishee on the ground of the invalidity of such transfer; but shall suspend proceedings against the garnishee, and a notice shall issue to the party to whom the transfer is alledged to have been made, calling upon him to contest its validity with the plaintiff; and if the question shall be determined against the party claiming the debt or property alledged to be transferred, then the court shall render final judgment against the garnishee. The right of appeal, &c. is reserved to the garnishee and all parties contesting the question. Clay's Dig. 63, § 39, 40. These provisions, like every other portion of the attachment law, are remedial and beneficial, and must receive a construction which would promote rather than restrict their operation; and which would expedite and cheapen litigation. Within their spirit and meaning, one may be said to be the transferee of a debt, whom the garnishee answers, claims it as his own, and he is unable to determine whether such person or the plaintrff debtor is entitled to receive it. Within this principle the plaintiff in error very clearly comes, and it follows that he was properly brought in as a party litigant.

3. The case cited from 8 Ala. Rep. 811, is one in which the defendant in the judgment controverted the truth of the garnishee's answer. In such case, it was said that the defendant should not only make an oath that he believed the answer to be incorrect, but as the mode and manner of the garnishee's indebtedness must be known to him, the suggestion should be as ample as a declaration in ordinary cases, and an issue formed by a denial by the garnishee of the allegations against him. But this stringent rule cannot be applied where the plaintiff controverts the answer of the garnishee, or the right of a transferee to the debt admitted. The plaintiff cannot be supposed to possess such exact information in respect to the indebtedness, and it will be quite enough for him to re-assert that the garnishee is indebted, &c. or conceding the answer to be true, denying that the as-

signee has any adverse rights.    In this view of the question, the issue was properly framed.

4. It is not allowable to prove by reputation, that a party who had been in possession of land, occupied it as a tenant and had no title.    These are facts susceptible of proof by evidence more satisfactory and definite.

5. The question proposed to Mrs. Chidsey on cross-examination was sufficiently specific to lay a predicate for the examination of other witnesses, if she answered in the negative. It referred to a conversation held by her with a person named, at a place designated, in a certain year.    1 Ala. Rep. N. S. 65.    The question cannot with propriety be said to be the introduction of a collateral inquiry, nor is it objectionable upon the ground that one person cannot be affected by the declaration, of another made when the former was not present.    Mrs. Chidsey, as we understand it was called to establish, among other things, the right of the plaintiff in error to the rent of certain real estate for the year 1845; and the questions proposed to her, and the discrediting witnesses, were intended to destroy the effect of her testimony, by proof that she had promised to pay debts from the rent falling due that year.    We do not suppose it was intended to make her declarations evidence beyond the point indicated, and thus far they were clearly admissible.

6. It cannot be assumed, from the mere fact that a bond for titles to real estate is made to a married woman, that it is therefore her separate estate, to the exclusion of her husband. At least such an assumption cannot be indulged at law.    If therefore property thus situated is occupied by tenants, the husband may sue for and recover the rent, and the tenants may be summoned as garnishees by the husband's creditors. If the wife have equitable rights, she may assert them in a court of equity.

7. It is said if the jury should ascertain that a witness is incorrect in his testimony as to one or more facts, yet if he is not corruptly so, but is merely mistaken in judgment, or by reason of a failure of memory, the witness is not discredited further than would arise from a want of reliance on the correctness of his conception, or from a distrust in his powers of memory; and if the jury think proper, they may believe him

as to other parts of his testimony. But when once they are *satisfied of the witness's corruption*, they ought to disregard all that he has deposed to. 1 Dev. Rep. 508; 7 Wheat. Rep. 338, *et seq.* Upon this point the circuit judge took upon himself to apply the maxim *falsus in uno falsus in omnibus*, to Mrs. Chidsey's testimony, instead of laying down the law as we have indicated would be proper, and referring the question of the witness's credibility to the jury. In this he committed a fatal error.

8. An issue having been made up in the circuit court and submitted to a jury, who returned a verdict, it is too late to object here for the first time, that the judgment of the justice on which the garnishment is founded, or a substitute for it, is not shown by the record. If the objection had been made in the court below, the judgment would most probably have been supplied.

The error in the seventh point noticed, exists independently of the question of Mrs. Chidsey's competency. It is not allowable now to object that she is incompetent; if the objection had been made in the circuit court, perhaps other testimony, unexceptionable in point of law, might have been adduced. We have only to add, that the judgment is reversed, and cause remanded.