# Gillespie *v.* Hester.

## *Assumpsit.*

(Decided May 19, 1909. 49 South. 580.)

1. *Evidence; Parol to Contradict Writing; Pleading.*—Where the action was on a note given for an insurance policy, a plea stating that the plaintiff, acting for an insurance company, in order to induce the defendant to sign a note, stated that after the policy was received, if defendant did not want to take it, plaintiff would take it back, and that the defendant would then owe nothing, and that when defendant received the policy, he decided not to take it and returned it to plaintiff within a reasonable time, is not subject to demurrer for failure to state facts showing fraud and as an attempt to contradict a written agreement by contemporaneous parol agreement.

2. *Bills and Notes; Fraud in Procurement.*—If a person is induced to execute a note by false representations that he was signing an application for an insurance policy, and upon which representations he relied, the fact that he could or could not read and write would not affect his right to rely upon the fraud as a defense.

3. *Same; Burden of Proof.*—Where the execution of a written instrument sued on is denied by plea of non est factum, the burden is on the plaintiff to show the execution of the instrument. (Section 3957, Code 1907.)

4. *Witnesses; Wilful Misstatement.*—A charge asserting that if the defendant swore falsely as to the signing of a note, the jury could disregard all his testimony was properly refused since it

[Gillespie v. Hester.]

was not predicated upon a wilful false statement as to a material fact.

5. *Charge of Court; Invasive of Province of Jury.*—A charge asserting that under the evidence, defendant applied for and plaintiff delivered to him an insurance policy, and that the policy was responsive to the application, was properly refused as invasive of the province of the jury.

6. *Same; Degree of Proof.*—A charge asserting that the plaintiff must satisfy the jury from all the evidence that the defendant executed the note, required too high a degree of proof, the requirement being that the jury should be reasonably satisfied.

7. *Appeal and Error; Harmless Error; Instruction.*—It was harmless error to give or refuse charges merely abstract on the pleadings.

APPEAL from Franklin Circuit Court.

Heard before Hon. JOSEPH H. NATHAN.

Action by W. H. Gillespie against W. H. Hester From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The note was given for the first premium on an insurance policy of $5,000. Plea 1 is as follows: "That on or about the 30th day of June the plaintiff, who was acting and holding himself out as the agent of the New York Life Insurance Company, persuaded and induced defendant to execute the note to plaintiff sued on in this case, in consideration whereof the defendant was to receive a policy of insurance on his life from said company for the sum of $5,000, and that he did receive the policy of insurance from said company after signing said note; that plaintiff, in order to induce him to sign said note, stated to him that after the policy of insurance was received by defendant, if he did not want to take the policy, he (the plaintiff) would take it back and defendant would owe nothing; that defendant, when he received the policy, decided not to take it, and returned it within a reasonable time, wherefore he says he does not owe said note." The second plea was "non est factum." Plea 4 was as follows: "Defendant says that at the time of execution of the note sued on plaintiff was

a life insurance agent, and was engaged in writing policies of insurance, and defendant alleges that at said time, in order to induce defendant to take a policy of insurance and to execute the note sued on, plaintiff represented to the defendant that unless the policy for which he was applying should be written by the company, it would guarantee by its terms, and on its face, the payment to defendant by the company at the end of 20 years, if defendant were living at that time, the sum of $5,961, and defendant alleges that said representation was false, and was material, that he relied thereon and was induced thereby to take said policy, and defendant alleges that said policy by its terms does not guarantee the payment of the sum represented by plaintiff, but a greatly less sum, and a policy and a policy must be valuable the, the one for which it applies, and for the delivery of said policy he repudiated the contract for the said insurance policy, and returned the same to the company which issued it within a reasonable time." Plea 6: "That at the time of the execution of the note sued on in this case plaintiff represented to defendant that he was signing an application for an insurance policy, which representation was false and fraudulent, and by means of said false representation the defendant was deceived and induced to execute the note."

The demurrers to plea 1 were, first, that it contained a blank; second, that it is indefinite and uncertain; third, that it is no defense to the action, because it does not allege a state of facts from which fraud could be presumed, and is an attempt to contradict a written agreement by contemporaneous and previous parol statement; and other grounds not necessary to be set out. To plea 4, because it does not allege such a state of facts as authorized the defendant to rescind the contract; because it does not state facts that constitute such fraud

[Gillespie v. Hester.]

and misrepresentations as would authorize the defend-
ant to avoid the payment of the note sued on, and be-
cause it does not allege wherein or in what respect the
policy was less valuable than it was represented. To
plea 6, because it does not allege that defendant could
not read and write, and that he did not have an opportu-
nity to read the instrument, and did not ask that it be
read to him.

The following charges were refused to the plaintiff:
9 "I charge you, gentlemen, that if you find from all the
evidence in this case that W. H. Hester swore that he did
not sign the note, and you further find that he did sign
the same, you are justified in disregarding and disbeliev-
ing every word he testified to." (11) "I charge you,
gentlemen, that W. H. Hester applied for and had de-
livered to him an ordinary life policy in the New York
Life Insurance Company according to the evidence in
this case, and that the policy is responsive to the appli-
cation." Other charges refused to the plaintiff placed
the burden of proof upon the defendant to establish his
plea of non est factum upon the introduction by plaintiff
of the note in evidence.

The following charges were given at the request of the
defendant: (15) "If you believe from the evidence that
the defendant had a contract with Ezell & Gillespie by
which he could refuse to take the policy if he wanted to,
then Hester could refuse to take it, whether he read it or
not." (16) "I charge you, gentlemen of the jury, that
if the plaintiff agreed with the defendant at the time
he took the application that the defendant might take
the policy when written by the company if he wanted it,
and might refuse to take it if he wanted to refuse to
take it, then I charge you that the defendant had a right
to refuse the policy when sent to him, provided he de-
clined to take it within a reasonable time and returned

[Gillespie v. Hester.]

the policy to the company. I charge you that the return of the policy by the defendant to Ezell, if it was so returned, was a return to the company." (17) "Before you can find for the plaintiff, you must be satisfied from all the evidence that Hester executed the note knowing it to be a note."

WILLIAMS & SARGENT, and ALMON & ANDREWS, for appellant.—Plea 1 was subject to the demurrer. It is not analogous to the plea discussed in *Parker v. Bond,* 121 Ala. 529. The court should have sustained demurrer to plea 4. 24 A. & E. Ency of Law, 645. The court should have sustained demurrer to plea 6.—*Bank v. Webb,* 108 Ala. 137; *Pac. G. Co. v. Anglin,* 82 Ala. 492; *Burroughs v. Pac. G. Co.,* 81 Ala. 258. The plea of non est factum having been interposed the burden was on the plaintiff to show execution of the notes, and hence, charges 1 and 3 should have been given.—Sec. 3967, Code 1907. Charge 9 should have been given.—*Jordan v. The State,* 81 Ala. 31; *McClellan v. The State,* 117 Ala. 144. Charge 16 given for defendant is error.—19 Cyc. 603. Charge 17 exacts a too high degree of proof. —*L. & N. v. Sullivan T. Co.,* 126 Ala. 95.

W. H. KEY, KIRK, CARMICHAEL & RATHER, and ALMON & ALMON, for appellee. No brief came to the Reporter.

DOWDELL, C. J.—On the facts stated there is no difference in principle between plea 1 in the case at bar and plea 1 in the case of *Parker v. Bond,* 121 Ala. 529, 25 South. 898. On the authority of that case, no error was committed in overruling the demurrer to plea 1 in the present case upon the stated grounds of demurrer here insisted upon.

It is insisted in argument by counsel for appellant that the demurrer to plea No. 6 should have been sustained

upon the ground thereof that the plea failed to aver that the defendant could neither read nor write, etc. The plea avers that the defendant was induced to execute the note by the false representations, as stated in the plea, made to him at the time by the plaintiff. If this was true, and he signed the note relying upon the truth of such representations, then it would be immaterial whether the defendant could read and write or not.— *Bank v. Webb,* 108 Ala. 137, 19 South. 14. The plea may be faulty, but not upon the ground urged in argument.

Under the plea of non est factum the burden of proof is by the statute put upon the plaintiff as to the execution of the note sued on.—Code 1907, § 3967. Written charges requested by the plaintiff that placed the burden of proof under this plea on the defendant were properly refused.

Charge 9, requested by the plaintiff, was properly refused. It is not predicated upon willful false swearing by the witness, and hence is unlike the charge pronounced good in *McClellan v. State,* 117 Ala. 144, 23 South. 653, in this respect.

Charge No. 11 was an invasion of the province of the jury, and was for this reason, if for no other, properly refused.

Charge 17, given at the instance of the defendant, in that it required the plaintiff to satisfy the jury by his evidence, instead of to reasonably satisfy them, exacted too high a degree of proof, and was therefore error.— *L. & N. R. R. Co. v. Sullivan Timber Co.,* 126 Ala. 95, 27 South. 760.

Charges 15 and 16, given at the request of the defendant, are complained of as being misleading. The giving by the court of a charge that is merely misleading or abstract does not constitute reversible error.

[Nashville, Chattanooga & St. Louis Ry. v. Proctor.]

We have not considered the ruling on the demurrer to plea 4, for the reason that plea 4, as it appears in the transcript, is unintelligible.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.