# Keef *v.* The State.

*Murder.*

(Decided January 23, 1913.   60 South. 963.)

*Charge of Court; Credibility of Witness.*—A charge asserting that if the jury believed that defendant had testified falsely in any material particular, they might disregard his testimony entirely, was erroneous for failing to require such false testimony to be willfully false.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

John Keef was convicted of manslaughter in the first degree and he appeals.   Reversed and remanded.

R. C. HUNT, for appellant.   Charge 2 given for the state was error for failing to require that the false testimony should be willfully false. Charge 3 was faulty for the same reason.—*Prater v. State,* 107 Ala. 28; *Gillespie v. Hester,* 160 Ala. 449.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The defendant was examined as a witness in his own behalf. In reference to his testimony the court, in written charge 3 given at the request of the solicitor, instructed the jury as follows: "If the jury believes that the defendant has testified falsely in a material particular, then the jury may disregard the defendant's testimony entirely." Under this instruction, all that was required to entitle the jury entirely to disregard the testimony of the defendant was a belief by them that it was false in any material particular, though such falsity was recognized by them to be a result of a mere error in observation or of a failure to recall a material detail of the matter deposed about, and though the misstatement was not willfully or corruptly false, and was not such a one as to create in the minds of the jury a belief or conviction that the testimony of the witness as to other material facts was unworthy of credit. Under such an instruction the jury could capriciously disregard material testimony in the case, of the truth of which they were fully convinced. The law does not recognize the existence of such a right in the triers of fact to put out of view material credible testimony adduced for their consideration. The charge was erroneous, and was distinctly prejudicial to the rights of the defendant.—*Prater v. State*, 107 Ala. 26, 18 South. 238; *Gillespie v. Hester*, 160 Ala. 444, 49 South. 580.

Reversed and remanded.