# Carpenter *v.* The State.

## .Murder.

(Decided May 20, 1915.   Rehearing denied June 30, 1915. 69 South. 531.)

1. *Charge of Court; Credibility of Witnesses.*—A charge asserting that if defendant had wilfully and corruptly testified falsely as to any.material fact in the case, the jury might disregard any part or all of his testimony, was not erroneous as singling out and giving undue emphasis to his testimony.

2. *Witnesses; Privilege.*—Under the statutes permitting a defendant in a criminal case to testify for himself, a defendant taking ad-

vantage thereof, and becoming a witness in his own behalf waives the constitutional protection against answering questions touching the merits of the case which might tend to incriminate him.

3. *Same.*—Where defendant takes the stand in his own behalf, he may be examined by the state as to all facts material to his guilt, and his failure to explain or rebut any incriminating fact, when he can reasonably do so, may be considered by the jury as prejudicial to his innocence.

4. *Same.*—Where a defendant voluntarily takes the stand as a witness in his own behalf, he may be recalled and examined further.

5. *Same; Impeachment; Defendant.*—Where a defendant voluntarily takes the stand as a witness in his own behalf he may be impeached in the same manner as other witnesses, such as by showing that he has been convicted of crime involving moral turpitude, or that he has made contradictory statements, or that he is a person of bad character.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

Milliard Carpenter was convicted of murder in the first degree, and he appeals. Affirmed.

ARTHUR L. ARNOLD, and VASSAR L. ALLEN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

MAYFIELD, J.—(1) Appellant is represented here by able counsel, who argued the case well, both orally and in brief; and it is conceded that, if any reversible error is shown, it was in the giving of the following instruction, which was requested in writing by the state. We have examined the whole record, as the statute directs, and we agree with counsel that the giving of the charge in question presents the only question worthy of consideration. The charge is as follows: "I charge you, gentlemen of the jury, that if you believe that Milliard Carpenter, the defendant, has willfully and corruptly testified falsely as to any material fact in this

case, then you may disregard any part or all of his testimony."

It is conceded by counsel that the charge states a correct proposition of abstract law, and that this court has frequently held that charges like it were correct and properly given, when the charge did not name a particular witness; but it is insisted that naming a particular witness, and especially the defendant himself, who was a witness, gives undue prominence to his testimony, singling him out from all other witnesses in the case, and that the giving of the charge was thus rendered improper, and prejudicial to the defendant.

(2-5) We cannot agree with counsel in this insistence. Since the passage of our statutes allowing the defendant in criminal cases to testify as a witness for himself, this court has uniformly held that where a defendant in a criminal prosecution elects to become a witness in his own behalf, as he may do under the statute, he waives the constitutional guaranty which protects him from answering questions touching the merits of the case which may tend to criminate him. He may be examined by the state as to all material facts pertinent to his guilt, and his failure to explain or rebut any criminating fact, where he reasonably can do so, is a circumstance which may be considered by the jury as prejudicial to his innocence.—*Cotton v. State,* 87 Ala. 103, 6 South. 372. A defendant who has voluntarily made a witness of himself may be recalled and examined further.—*Thomas v. State,* 100 Ala. 53, 14 South. 878; *Williams v. State,* 98 Ala. 52, 13 South. 333. A defendant, who testifies for himself as a witness, may be impeached in the same manner as other witnesses, by showing that he has been convicted of crime involving moral turpitude, or that he has made

contradictory statements, or that he is a person of bad character.—*Thompson v. State,* 100 Ala. 70, 14 South. 878.

Charges exactly like the one in question—certainly so, in legal effect—were held proper in the cases of *Jackson v. State,* 136 Ala. 22, 34 South. 188; *Prater v. State,* 107 Ala. 27, 18 South. 238, and in other cases therein cited, the only difference being that in these cases cited the witness named in the charge was not the defendant; but, under the rules we have declared, this can make no difference. A charge somewhat similar to the one in question was condemned in the case of *Keef v. State,* 7 Ala. App. 15, 60 South. 963; but it was condemned on the ground that the charge did not require the jury to believe that the defendant knowingly or willfully testified falsely. In that case, as the Court of Appeals remarked, the testimony of the defendant was false in some particulars; but this was due to mere error of judgment, and not to knowing or intentional false swearing. Such a case, of course, would be quite different from a case in which the defendant knowingly and willfully testified falsely.

There is nothing in the contention that the charge did not require the jury to believe beyond a reasonable doubt that the defendant knowingly and willfully testified falsely. While juries are required to be satisfied beyond a reasonable doubt from the evidence that the defendant is guilty as charged, and instructions requesting a verdict of guilty must hypothesize the fact that the jury are so satisfied beyond a reasonable doubt, yet this principle does not apply to charges like the one in question, which do not request a verdict of guilty, but merely assert propositions of law applicable to the case on trial.

Affirmed. All the Justices concur.