(75 South. 701)
McKISSACK v. STATE. (6 Div. 292.)

(Court of Appeals of Alabama. May 15, 1917.)

1. CRIMINAL LAW ☞786(7)—FAILURE TO INSTRUCT ON MATERIAL ISSUE.

Where material allegations in indictment for rape were proven only by testimony of the victim, it was error to refuse a charge based·on her willful and corrupt' swearing.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1901, 1960, 1984.]

2. CRIMINAL LAW ☞775(2)—FAILURE TO INSTRUCT ON ALIBI.

It is error to refuse to charge that, if defendant was at another place at the time of the rape, he should be acquitted, where evidence was introduced tending to establish an alibi.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1833.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Chester McKissack was convicted of having carnal knowledge of a girl over the age of 12 and under the age of 16, and he appeals. Reversed and remanded.

Paine Denson and F. E. St. John, both of Cullman, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted of having carnal knowledge of a girl over the age of 12 years and under the age of 16. The conviction was had under section 7700 of the Code of 1907, as amended by Acts 1915, p. 137. The principal witness for the state was the girl, Nettie Plott. In fact, the material allegations in the indictment were proven only by her testimony, and upon her testimony the state necessarily relied for a conviction.

[1] Refused charge 9, requested by the defendant in writing, should have been given. Prater v. State, 107 Ala. 26, 32, 18 South. 236;

McClellan v. State, 117 Ala. 140, 23 South. 653; Grimes v. State, 63 Ala. 166; Childs v. State, 76 Ala. 93; A. G. S. R. R. Co. v. Frazier, 93 Ala. 45, 51, 9 South. 303, 30 Am. St. Rep. 28; Keef v. State, 7 Ala. App. 15, 60 South. 963; Jordan v. State, 81 Ala. 20, 31, 1 South. 577. This charge 9 is based on the willful and corrupt false swearing to material facts of the injured party, who was the principal witness in this case, and, as the principles of law involved in this charge were not substantially covered by the oral charge of the court, nor by any of the written charges given to the jury, it follows that its refusal was error.

[2] Charges 2 and 3 should also have been given, as there was no conflict in the testimony of the time and place of the alleged offense, which from the evidence it was contended was committed on the night of October 18, 1915. If the defendant was at his home some three miles distant and did not leave home that night, and was not at the home of Plott, it necessarily follows that he could not have committed the offense with which he was charged at that time. Burton v. State, 107 Ala. 108, 131, 18 South. 284. Other questions need not be discussed.

For the errors pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.