10 So.2d 862

## TINDELL v. GUY.

### 4 Div. 254.

Supreme Court of Alabama.

Dec. 17, 1942.

John W. Rish, of Dothan, for appellant.

W. L. Lee, Alto V. Lee, III, and W. Perry Calhoun, all of Dothan, for appellee.

THOMAS, Justice.

The suit by the administratrix was for death of intestate caused by collision with defendant's automobile.

Amended plea four for contributory negligence was subject to the demurrer and was no answer to count two declaring for the willful and wanton conduct of defendant. This ruling was corrected by the trial court in the general charge and in written charge number two, given at the defendant's request, limiting that plea to the count declaring for simple negligence, and excluding it as an answer to the second count declaring for a willful and wanton injury. Jones v. Alabama Mineral R. Co., 107 Ala. 400, 18 So. 30.

As to given and requested charges, we may observe it is established, that a count in simple negligence embraces sub-

sequent negligence after discovery of the peril on the part of a defendant (Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334); that a violation of statutory rules of the road prima facie constitutes simple negligence (Greer v. Marriott, 232 Ala. 194, 167 So. 599), and that a person using a highway has the right to assume, without facts warning him to the contrary, that other persons using the public highway will do so in a lawful manner. Holman v. Brady, 241 Ala. 487, 3 So.2d 30.

■ The testimony was in conflict, and there was no error in declining the affirmative charges, the material issues of fact being for the jury. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. Charges 26 and 27, being affirmative charges, were correctly refused.

■ There were many given charges for the plaintiff and taken in connection with the oral charge of the court (with the exception of Charge No. 7), touching the issues of fact presented by the pleading and evidence, fully and fairly instruct the jury as to matters sought to be presented by the refused charges. Moreover, the appellant does not indicate the respective charges on which he predicates error. Mere recital of what is shown by the record is not considered as an insistence on the assignment. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

Charge 7, which was refused by the court, is as follows: "(7) I charge you gentlemen of the jury that if you are reasonably satisfied, after considering all of the testimony in the case, that any witness has sworn falsely to any material fact in the case you are authorized by law to disregard all of the testimony of such witness and to decline to consider such testimony in reaching a verdict."

In Clendenon v. Yarbrough, 233 Ala. 269, 270, 171 So. 277, 278, this court recently declared as to proximate cause and intervening cause, not a consequence of the first, that "an admirable statement of it is found in the text of 22 R.C.L. 132 et seq. We quote a part as follows: 'Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer, and except for which the final injurious consequences would not have happened, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause. As has been aptly said, "the intervener acts as a nonconductor and insulates the negligence." ' And again, on page 138, the converse is true, when a 'person by his negligence produces a dangerous condition of things, which does not become active for mischief until another person has operated upon it by the commission of another negligent act, which might not unreasonably be anticipated to occur. The original act of negligence is then regarded as the proximate cause of the injury which finally results.' This statement has been approved in substance in our cases, including * * * Morgan Hill Paving Co. v. Fonville, 222 Ala. 120(17), 130 So. 807; Vaughn v. Dwight Mfg. Co., 206 Ala. 552(7), 91 So. 77 * * *."

■ The true rule as to the matter embraced in Charge 7 is thus stated by Mr. Chief Justice Brickell in Grimes v. State, 63 Ala. 166, as follows: "There is no maxim of the law of evidence which requires greater caution in its application, than that which affirms that a witness, intentionally giving false testimony as to any material fact, is to be wholly discredited by the jury; and this court 'follows the authorities which hold that it is not a rule of law, affecting the competency, operating a disqualification of the witness, to be given in charge to the jury as imperatively binding them, but is to be applied by them, according to their sound judgment, for the ascertainment, and not for the exclusion of truth.' "

■ Charge 7 does not comply with the requirement of the law that the witness should have willfully and corruptly sworn falsely to a material fact in the case and the court was justified in refusing the same. Wilson v. State, Ala.Sup., 8 So.2d 422, 438.[1] Such is the effect of the earlier cases. Moore v. Jones, 13 Ala. 296; 1 Whart.Ev. § 412; Prater v. State, 107 Ala. 26, 18 So. 238; McClellan v. State, 117 Ala. 140, 144, 23 So. 653; Gillespie v. Hester, 160 Ala. 444, 49 So. 580; Keef v. State, 7 Ala.App. 15, 16, 60 So. 963.

It is not necessary to set out the respective tendencies of the evidence. It is sufficient to say that direct and material contradictions were presented therein. When

---

[1] Ante, p. 1.

the whole record is considered, on the assignments of error and embraced in the motion for a new trial, no reversible error is found.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

