## TAYLOR vs. THE STATE.

[INDICTMENT FOR LARCENY OF A HORSE.]

1. *Declarations of defendant made at time of arrest incompetent evidence, on trial for larceny.*—The declarations of the defendant, made at the time of his arrest, as to how he came in possession of the horse, for the larceny of which he is on trial,—*held,* to be incompetent evidence for the defendant.

2. *Presumed on appeal that prisoner was asked if he had anything to say in arrest of judgment.*—It is not necessary that the record, in a case of felony, should affirmatively show that the prisoner was asked by the court, before sentence was pronounced against him, if he had anything to say in arrest of judgment ; the question will be presumed to have been asked, unless the record affirmatively shows that it was not.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. JOHN MOORE.

THIS was an indictment for the larceny of a horse, and was found on the 25th May, 1867. At the spring term, 1868, the defendant was tried and found guilty, as charged in the indictment. On the trial, as the bill of exceptions states, "the prosecutor and owner of the horse, Tom Vasser, a freedman, testified, that within three or four days after the horse was missing from his possession, he and a white man named Gus Vasser, in search of the horse, went to the plantation of a Mr. G., in said county, where there were several freedmen at work, and saw his horse plowing in the field. He and Gus Vasser approached the horse, when the defendant, who was plowing him, stopped and walked off rapidly some twenty or thirty yards, and was commanded to stop by the prosecutor and Gus Vasser, which he did, and was thereupon arrested, without warrant, by them, and taken before a magistrate ; at the time of his arrest, he stated that he had not taken the horse, but had bought him, a few days before, from one William Vasser, a freedman. The solicitor moved to exclude this

statement of the defendant, and the court sustained the motion and excluded the evidence, and the defendant excepted. The defendant then introduced a freedwoman named Mary, who swore that on a certain Sunday night, about the time the horse was said to have been stolen, she and another freedwoman got lost going to church, and late at night met William Vasser in the public road, riding a horse answering the description of the horse alleged to be stolen; stated to him that they were lost, and asked him to take them on the horse and carry them to the church. William Vasser declined, stating that the horse was for sale, and such a ride might injure him; while they were talking about it, the defendant came up and remarked to William Vasser, have you got my horse? Vasser replied, yes; and the price is fifty dollars. Taylor, the defendant, then said, I have not got the money now, but if you will come to my house on Wednesday night, I will have the money for you; to which Vasser replied, I will. The other freedwoman testified to the same, and both swore they were not related to the defendant. This evidence being before the jury, the defendant moved the court for leave to introduce the statement made by him when arrested, that he had bought the horse from William Vasser. The court refused to allow the statement to go to the jury, either as a part of the *res gestæ* or as corroborating the freedwoman, or for any other purpose, and the defendant excepted."

GEORGE W. GAYLE, for appellant.
JNO. W. A. SANFORD, Attorney-General, *contra.*

JUDGE, J.—The declarations of the prisoner, at the time of his arrest, were no part of the *res gestæ* of the larceny charged, and were incompetent evidence for him.— *Spivey v. The State*, 26 Ala. 90.

It is not necessary, as has been held by this court, that the record, in a case of felony, should affirmatively show that the prisoner was asked by the court, before sentence was pronounced against him, if he had anything to say in arrest of judgment; the question will be presumed to have

been asked, unless the record affirmatively shows that it was not.—*Aaron & Ely v. The State*, 39 Ala. 684. In the present case the record states that the prisoner "said nothing" why the sentence of the law should not be pronounced against him; leaving the inference irresistible that he was asked if he had anything to say why this should not be done.

We can not say, from the evidence, that the prisoner, if guilty of any offense, was, as is contended by his counsel, guilty of stealing stolen property, knowing it to have been stolen, and not larceny. The bill of exceptions does not purport to set out all the evidence; and such being the case, the legal presumption is, that he was rightly convicted of the offense charged.

We can perceive no error in the record, and the judgment is affirmed.