# MAYNARD *vs.* THE STATE.

46 85
134 152

[INDICTMENT FOR LARCENY OF HORSE.]

1. *Indictment; sufficiency of.*—An indictment for stealing "any horse, mare, gelding, colt, filly or mule," is sufficient, without alleging the value of the animal taken.—Revised Code, § 3706.
2. *Same.*—Such indictment is not bad, though it may consist of two counts, each of which charges a grand larceny, which is visited with the same punishment.
3. *Charge to jury; what not erroneous.*—A charge to the jury in a prosecution for horse stealing, that the *recent* possession by the accused of the property taken, unexplained, is evidence of guilt, is not erroneous, but is a proper exposition of the law.
4. *Stolen property, possession of; by whom can not be explained.*—Such possession by the accused can not be explained by proof introduced by the accused of the declarations made by him showing how he came in possession of the property stolen. This would make him a witness in his own favor, which is not permitted.—Rev. Code, § 2704.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

The facts appear in the opinion.

JOHN McCASKILL, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra*.

PETERS, J.—This is an indictment for stealing a horse. It contains two counts, which are in the following words:

" The grand jury of said county charge, that before the finding of this indictment, Gilbert Maynard feloneously took and carried away a horse, the personal property of Jordan Pickett, against the peace and dignity of the State of Alabama."

" And the grand jury of said county further charge, that before the finding of this indictment, Gilbert Maynard feloneously took and carried away a horse, the personal property of L. W. Godbold, against the peace and dignity of the State of Alabama."

This indictment was demurred to by the accused in the court below, upon the ground that the indictment charged two distinct offenses. This demurrer was overruled. The accused then pleaded not guilty, and went to trial on this plea, was found guilty, and sentenced to the penitentiary for three years. From this conviction the said accused appeals to this court.

On the trial below, a bill of exceptions was taken by the defendant, from which it appears that the horse named in the indictment was taken from the lot of said Jordan Pickett, and when found it was in the possession of the accused. And it was also shown that the horse was the property of said L. W. Godbold. It was not shown who took the horse from the lot. On this testimony, the accused moved the court to allow his explanation as to his possession of said horse to go to the jury. But the court refused, and the defendant excepted. The court then charged the jury, that " if the defendant had possession of the horse said to have been stolen, and did not explain said possession, it was *prima facie* evidence of his guilt, and the jury might con-

vict if they thought proper." This charge was excepted to by defendant.

The indictment is not obnoxious to the objection raised by the demurrer. Generally, an indictment for larceny should allege the value of the property taken ; but for the stealing of " any horse, mare, gelding, colt, filly or mule," this is not necessary, because the stealing of any of these animals is made grand larceny by the Code, irrespective of the value of the thing taken.—*Sheppard v. The State*, 42 Ala. 531 ; Revised Code, § 3706 ; Pamph. Acts 1866–67, p. 243 ; Act No. 240, § 1.

And the offenses here charged are each grand larcenies. They are visited with the same punishment. When this is the case, it is not error to join two such charges in the same indictment.—*Ward v. The State*, 22 Ala. 16, 18 ; Revised Code, § 4125. There was, then, no error in overruling the demurrer.

I have carefully examined the charge of the court, and I find it free from error. The rule on this subject, as stated by East, and approved by Roscoe, is this : " It may be laid down generally, that whenever the property of one man, which has been taken from him without his knowledge or consent, is found upon another, it is incumbent on that other to prove how he came by it ; otherwise the presumption is, that he obtained it feloneously."—Roscoe's Cr. Ev. p. 18, marg.; *Taylor v. The State*, 42 Ala. 529. And the accused can not prove how he came by the property by his own declarations, because this would make him a witness for himself in his own case. This is not permitted, by our law, in criminal cases.—Rev. Code, § 2704; *Spivey v. The State*, 26 Ala. 90. It is, however, required by this rule that the possession shall be recent; but here the testimony shows that this was the case.—Roscoe's Crim. Ev. p. 19, marg.

The judgment of the court below is affirmed ; and its sentence will be carried into execution as required by law.