## EUGENE WARD *vs.* WILLIAM J. DICK.

In an action for slander in charging the plaintiff with dishonesty, the defendant, for the purpose of lessening the damages, offered evidence of the plaintiff's bad reputation in that respect. The court limited him to ten witnesses. Held to be a ground for granting a new trial

ACTION FOR SLANDER, brought to the Superior Court in Fairfield County, and tried to the jury before *Beardsley, J.* Verdict for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*A. S. Treat* and *W. F. Taylor*, in support of the motion.

*G. Stoddard,* contra.

PARDEE, J. This is an action for slander in imputing dishonesty to the plaintiff.

After proof of the speaking of the defamatory words had been made, the defendant, for the purpose of lessening the damages, offered evidence tending to prove that before the speaking the plaintiff's reputation for honesty was below that of men in general; the court limited him to ten witnesses upon that point; the plaintiff had a verdict for $1,000, and the defendant complains of the restriction.

The subject matter of the inquiry was the value of a reputation. To the law this is a tangible thing; it is property in the highest sense; and we are not aware that in actions for injuries to property courts have assumed the right, either to prevent the plaintiff from establishing the value thereof at the highest possible point to which he could carry it by the power of testimony, or the defendant from diminishing it by the same means; and actions for injuries to character are not exceptions.

It is true that in *Bunnell* v. *Butler*, 23 Conn., 65, this court sanctioned a limitation upon the number of witnesses to be heard in the matter of the impeachment of the character of a witness for truth; but that character was not the ground of the action. It could at most only affect the weight to be given to the testimony of one witness; and he may have been one of many to the same point, and not at all essential to the support of that; and the point, if established, may have been of very little importance. And in other instances courts have restricted the number of witnesses giving opinions upon matters collateral to the main issue. Character, for the purposes of a judicial investigation, is the aggregate of opinions

expressed concerning an individual by those who know him; and a name good or bad is most firmly established where the testimony of credible witnesses covers the widest range of the life of the person who bears it. Therefore, where as in the case before us the life of the plaintiff has been broken into sections by changes of residence from one locality to another, the defendant was entitled to the privilege of showing that in each there was a preponderance of opinion adverse to his good name. Again, it may often happen that a few only can be found on the one hand to sustain or on the other to disparage the name of an individual, while the great body of opinion is in each case on the other side. In such instances the effect of a limitation is to render it easy for the few to make it appear to the jury that public opinion rests at the equipoise upon the name in question, when the fact is quite otherwise.

We know no better rule than to allow the party holding the weight of evidence an opportunity to bring it to bear upon the jury, when it concerns the real issue. Moreover, we think there is no necessity for the exercise of restrictive power in such cases; usually a suggestion from the court will be as effective as an order.

There should be a new trial.

In this opinion the other judges concurred.