# Cotton *v.* The State.

*Indictment for Larceny of Ox.*

1.  *Testimony of defendant in his own behalf.*—In a criminal case, if
the defendant fails or declines to testify in his own behalf, his failure
does not create any presumption against him, and is not the subject of
comment by counsel (Code, § 4473); but, if he elects to testify, and
fails or refuses to explain or rebut any criminating fact, when he can
reasonably do so, this is a circumstance in the nature of an implied ad-
mission, on which counsel may comment, and which the jury may con-
sider in determining his guilt or innocence.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case was indicted for the larceny of
an ox, the personal property of *Henry* Flowers; and was
indicted by the name of "William Holland, *alias* John Cot-
ton." On the trial, he reserved a bill of exceptions, as fol-
lows: "The State introduced evidence tending to show that
one *Hussey* ( ?) Flowers owned a steer, which was missing;
and that he and Rollin Ballard came to the beef-market in
Troy, soon after the ox was missed, and there found the hide
and horns, which they described as those of the missing
steer. The market-man testified, that he bought the steer
from the defendant a short time before that, and butchered
it, and that the hide and horns found were those of the steer
about which said Flowers and Ballard testified. The defend-
ant introduced the affidavit sued out in a preliminary trial,
under which he was bound over, made by the market-man;
and the charge in the affidavit was against one John Holland,
*alias* John Cotton. The defendant then testified that, after
he was arrested, he asked Beasley, the market-man, why he
had him arrested; and that Beasley told him, that a Mr.
Davis told him that he (defendant) was the man who sold
him the steer; which Beasley denied. The defendant was
sworn and examined on his own request, and refused to deny
that he took the steer, or that he sold it to Beasley. The
time and venue were properly proved, and this was all the
evidence in the case. In his argument to the jury, the solic-
itor commented on the fact, that the defendant had failed to
make the above denial; and thereupon, after the court had

[Cotton v. The State.]

given an oral charge to the jury, the defendant requested the following charge in writing: 'Unless the jury are satisfied beyond a reasonable doubt of the guilt of the defendant, by the other evidence in the case except the evidence of his refusal to deny the charge, then the defendent is not guilty.' The court refused to give this charge, and the defendant excepted to its refusal."

W. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—Where a defendant in a criminal prosecution elects to become a witness in his own behalf, as he may do under the statute, he waives the constitutional guaranty which protects him from answering questions touching the merits of the case which may tend to criminate him. He may be examined by the State as to all material facts pertinent to his guilt, and his failure to explain or rebut any criminating fact, where he reasonbly can do so, is a circumstance which may be considered by the jury as prejudicial to his innocence. This being so, it is clearly in reason, that his silence or refusal to testify as to such fact may become the subject of legitimate criticism on the part of the State's counsel, just as the testimony of any other witness may be under like circumstances. And the guilt or innocence of the defendant is to be determined on the entire evidence, including the testimony of the defendant himself. The authorities fully sustain this view.—*Clarke v. State,* *ante,* p. 71, at present term; *Stover v. People,* 56 N. Y. 315; *State v. White,* 27 Amer. Rep. 137, *note* 144; Whart. C. Ev. (9th Ed.), §§ 432–3; *Clarke v. State,* 78 Ala. 474; 56 Am. Rep. 45.

It is only where the defendant fails to become a witness at all, or to request to become one, that section 4473 of the Code affords him any protection against the criticism of counsel. In such event, his failure to become a witness is not allowed to create any unfavorable presumption against him, nor to be the subject of any comment by counsel.—Crim. Code, 1886, § 4473.

The charge requested by the defendant was based on the false idea, that nothing the defendant said, or failed to say, of a criminative character, should be allowed to have any weight whatever with the jury in securing his conviction; and erroneously affirmed, that they should acquit him, unless they are satisfied beyond a reasonable doubt of his guilt by

[Skinner v. The State.]

other evidence in the case, irrespective of his own testimony on the stand, including any implied admission of guilt. The charge was palpably erroneous, and was properly refused.

Affirmed.