# Chilton v. State.

*Indictment for Larceny.*

1. *Hearsay evidence, inadmissible.*—Where, on the trial under an indictment for larceny from the person, the prosecuting witness testified to the identity of the defendant with the one who committed the offense, the testimony of the officer as to statements made by such witness some time after the commission of the offense, in giving a description to him of the offender, is mere hearsay evidence, and is inadmissible.

2. *Conclusions of witness inadmissible.*—The testimony of the officer who arrested the defendant, that the description given him of the man who committed the offense tallied with the defendant, is a mere conclusion of the witness, and is inadmissible.

[Chilton v. The State.]

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.
The facts of the case are sufficiently stated in the opinion.

JOHN W. A. SANFORD, JR., for appellant.—The court erred in its rulings upon the evidence.—*Sylvester v. State,* 71 Ala. 17 ; *Stewart v. State,* 78 Ala. 439 ; 3 Brick. Dig., 287, § 592 ; 7 Amer. & Eng. Encyc. of Law 492-3 ; 3 Brick. Dig., 288, § 605 *et seq.; Gassenheimer v. State,* 52 Ala. 313 ; *McAdory v. State,* 59 Ala. 92 ; *Coleman v. State* 87 Ala. 14.

W. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted and convicted of the larceny of money from the person of one Lawyer Bennett.　On the trial, after Bennett had testified to the circumstance of the larceny, and had identified the defendant as one of the guilty parties, the State introduced one Murphy as a witness, who was an officer and had arrested the defendant.　The State, by its solicitor, asked this witness, if Bennett gave him the name of the defendant as the person who had committed the larceny.　The witness answered this question in the negative.　The error in permitting the question to be answered against the objection of the defendant is shown affirmatively to have been without injury.　The State then inquired of the witness, whether Bennett gave a description of the party who had committed the offense? and if so what was it?　The defendant objected to each of these questions.　The court overruled the objection, and the witness answered : "Yes, and the description tallied with the defendant."　The defendant moved to exclude the answer that "the description tallied with the defendant," which motion by the court was overruled.　The objection to the questions and the motion to exclude were well taken, and the court erred in its rulings on both propositions.　The facts showed that the statements by Bennett to the officer were made sometime after the commission of the offense, and were no part of the *res gestae.*　Such evidence was mere hearsay. It is never permissible for a witness to corroborate his own evidence by proving that he had made similar state-

ments to other persons. Such statements are not under oath, and are no evidence, not being *res gestae.*

Again : ''that the description tallied with the defendant,'' was a mere opinion of the witness. If such evidence had been admissible, the witness should have been required to state what Bennett said, and whether the description "tallied" with the defendant was a conclusion for the jury, and not for the witness.

These are the only objections and exceptions reserved, and they were well taken.

Reversed and remanded.