[Bush v. The State.] ·

# Bush *v.* The State.

### *Murder.*

(Decided July 6, 1910. 53 South. 266.)

1. *Homicide; Evidence.*—On the trial for murder the motive for
which was attributed to jealousy between the defendant and the
deceased relative to deceased's husband, it was competent for the
state to show that shortly before the homicide the defendant went to
a city where the husband had gone; the defendant also being entitled
to show when she went and why she returned.

2. *Same.*—The defendant was properly prevented from testifying
to her uncommunicated motives in making a trip to a city where de-
cedent's husband had gone, but it was proper for her to show the
facts pending her visit and leave it to the jury to infer the objects
thereof.

3. *Same; Weapons.*—One accused of murder cannot show that a
weapon exhibited by a witness was one the witness had given the de-
ceased, nor introduce a weapon, where it was not shown that it was
used by the deceased, or that it was given her sufficiently near the
homicide to warrant an inference that the deceased carried it at the
time of the homicide.

4. *Bills of Exceptions; Sufficiency; Exclusion of Evidence.*—Where
the bill of exceptions stated that the defendant offered to testify

why she went to a particular place before the homicide and why she returned, such statement is not sufficient to show error in excluding such testimony as it failed to show that the proof was offered by competent testimony.

5. *Continuance; Absent Witness.*—Where the subpoena had been returned not found, and it was not made to appear that the witness' attendance could be obtained, it was not error to reversal to refuse a continuance on account of the absence of such witness.

6. *Same; Judicial Discretion.*—It is within the sound discretion of the trial court to grant or refuse continuance, and the court's action will not be reviewed unless abused.

7. *Witnesses; Attendance; Right of Accused to.*—Neither the legislature nor the courts can deprive a defendant of the right to have compulsory process for the attendance of his witnesses, since such right is guaranteed him by the Constitution.

8. *Same.*—Where it appears that without staying the trial, process for the attendance of witnesses would be unavailing an offer to give defendant compulsory process for an absent witness does not preserve the right to such process given by the Constitution unless in the meantime, the trial is stayed.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Mollie Bush was convicted of murder and she appeals. Affirmed.

GAVIN & HOLLIS, for appellant. No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

MAYFIELD, J.—The defendant was indicted for the murder of Roxie Wallace. The evidence tended to show that jealousy was the motive. The difficulty occurred at night, near a negro church, while services were going on. The evidence tended to show that the defendant was pursued and followed up the road from the church by the deceased and her sister; that when deceased overtook defendant she said, "Is that you, Mollie?" and the defendant replied, "Is that you, Roxie?" and that they immediately began fighting, though it is not

shown which started to the other first. When they were separated, it was found that the deceased had been severely cut and mortally wounded with a knife, from which wounds she died in about 15 minutes. The defendant had a number of bruises and gashes on her face, was bleeding profusely, and one of her teeth was knocked out. No one saw any weapon on account of the darkness. The deceased had charged the defendant with undue intimacy with the husband of the former. It was shown that the deceased's husband had been very attentive to the defendant. It was shown that the defendant had left home prior to the killing, being absent four or five months, and that the husband of the deceased left about the same time; that both went to Mobile; and that the defendant returned to the neighborhood of her former home just a few days before the difficulty. It was also shown that the deceased had threatened to whip the defendant and to leave the neighborhood.

The bill of exceptions recites that: "The defendant during the progress of the trial offered to explain by the testimony of the defendant herself why she left the neighborhood and went to Mobile, and why she returned." To the introduction of this evidence the state, by its solicitor, objected, and the court sustained the objection, to which ruling the defendant excepted. The defendant also offered to prove by one Tompkins that a certain weapon, an iron lard can handle, exhibited to him, was the same weapon the deceased got from him before the difficulty. The court declined to allow this evidence. The defendant then offered to introduce the weapon in evidence, to which the state objected. The court sustained the objection, and to this ruling the defendant excepted. We find no error in any of these rulings.

Jealousy having been shown to exist between the defendant. and the deceased as to the latter's husband, the evidence that the defendant had gone to Mobile (to which place the deceased's husband had gone) was clearly admissible. While it would have been proper and relevant for the defendant to show by appropriate evidence the purpose of her visit to Mobile, and that of her return, the bill of exceptions does not inform us that she offered or attempted so to do by proper evidence. The court declined to allow her to testify as to her uncommunicated motive or intention in making the trip to Mobile, and that in returning home. She should have proven the facts connected with, and attending, her visit and return, and have left it to the jury to infer the reason or object of these movements. The evidence of the lard can handle, as a weapon, was properly denied and excluded. It was not shown that this particular weapon was used by the deceased on the occasion of the fatal difficulty, nor was the time at which the witness had given it to the deceased shown to have been sufficiently near the time of the difficulty to leave it open to the jury to infer that the deceased carried it on the occasion of the difficulty. The defendant had a subpoena issued to one Luther Tillman, as a witness in her behalf, by whom she expected to prove that the witness had picked up a lard can handle at the place of the difficulty immediately thereafter. The defendant applied for a subpoena for this witness at the time of arraignment. This subpoena was returned, "Not found." The defendant applied for a continuance on account of the absence of this witness. The court declined to continue the case, and allowed a showing as to this witness' testimony to be submitted to the state's counsel. The solicitor declined to admit the showing as to the witness. The court then heard evidence as to

location of such witness, but it could not be ascertained with certainty as to the residence or location of the witness, the evidence tending to show that he was temporarily absent from the county, and probably either in Sumter county or in the state of Mississippi. It was shown by one person in his immediate community that he had not seen him for the last year.

It was made known to the court that the defendant expected to plead self-defense, and to show that the deceased had used the weapon in question, and that this was the witness by whom the weapon could be identified, or sufficiently connected with the difficulty to make it admissible in evidence. The court offered to give the defendant an attachment for the witness, but declined to stay the trial until the witness could be attached and brought into court, whereupon the defendant stated that attachment under those conditions would be unavailing, as the witness lived a great distance from the county site, and it would be impossible to get him to court before the trial was over, and declined to ask for the attachment. The court then overruled the motion for continuance, to which ruling the defendant excepted. While the Constitution guarantees to all persons charged with crime compulsory process for their witnesses, and consequently neither the Legislature nor the courts should be allowed to deprive them of this right, yet we cannot say that the defendant was wrongfully deprived of this constitutional right by the court in this case. It is not made to appear that the witness in question could have been brought into court by compulsory process. It is not certain that he was within the state, and, if not, of course, any compulsory process would have been unavailing. Neither is it entirely certain that he could have been found within any reasonable time, had the trial been stayed or continued as requested. No at-

tempt or intention, on the part of the witness, to evade or disobey the process of the court, was shown. The return of the subpœna was, "Not found." It cannot be presumed that the sheriff, armed with an attachment, would have been thereby better enabled to land the wit-ness than he was with the subpœna. If the witness was in Sumter county, the defendant should have had the subpœna sent to that county for execution. Continuances are always within the sound discretion of the trial courts, and, in the absence of the abuse of that discretion, the exercise of it will not be reviewed by the appellate court. But, of course, a trial court cannot legally and should not in any event deprive the accused of constitutional right to compulsory process to obtain the attendance of witnesses, and an offer by the court to give the defendant such compulsory process, or the issuing of such process for him, when it is perfectly evident that it will be unavailing without staying the trial or continuing the case until the witness could be brought into the court under the process, would be depriving the defendant of the right to such process, as much so as absolutely declining to have it issued for him. For the same reason, the accused is not denied constitutional right to compulsory process for the witness, if it clearly appears that such process would be wholly unavailing, and for that reason wholly unnecessary and improper.

Trial courts should not be compelled to do things which are wholly futile and useless.

For these reasons, we cannot say that the court erred in declining to continue the cause on defendant's motion, or that in so doing defendant was denied any constitutional right.

Finding no error in the record, the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and EVANS, JJ., concur.