(93 South. 347)

LEVERETT v. STATE.   (3 Div. 399.)

(Court of Appeals of Alabama.   May 9, 1922.
Rehearing Denied June 13, 1922.)

**1. Criminal law ⬩1116—Ruling on motion to quash indictment not reviewable, in absence of judgment thereon in record.**

Ruling on motion to quash the indictment on the ground that there had been no division of the circuit court of the county as required by statute is not reviewable; no judgment on the motion appearing in the record.

**2. Larceny ⬩32(5)—Receiving stolen goods ⬩7(5)—Ownership properly laid in carrier.**

Indictment for larceny and receiving stolen property properly lays the ownership in the railroad company in whose possession the property' was, for purpose of carriage, when stolen.

**3. Larceny ⬩47 — Testimony of checking clerks may prove ownership or possession in railroad.**

To prove ownership or right to possession which in a larceny case amounts to the same thing, in a railroad company, the state had the right to prove by the company's checking clerks that from a way bill they checked certain tobacco from one car into another, as going to show the company's possession of the property so checked and afterwards found in the defendant's possession.

**4. Witnesses ⬩258—Checking clerk may use check waybill as memoranda without independent recollection.**

Checking clerks of a railroad company could testify from waybills and check marks made thereon by them to checking from one car to another the tobacco found in possession of defendant in larceny, though they had no independent recollection of the transaction except as shown by the instruments and their marks thereon; they testifying to making the marks indicating that certain goods had been received in a certain car, and marked in a certain way, by which they could be identified, and by them checked into another car.

**5. Criminal law ⬩435—Checked waybill used as memoranda admissible in evidence.**

A railroad company's checking clerk by taking a waybill describing certain articles and by checking the freight from one car .to another, and placing checks or marks on the bill indicating the correctness or incorrectness of the count, thereby makes it his memorandum, and when properly authenticated as such and as to ·its correctness when made and at the time of trial, it· is admissible in evidence.

**6. Criminal law ⬩447—Memoranda may be explained by witness.**

A waybill, with checking marks' placed thereon by a railroad checking clerk in checking the freight from one car to another, constituting his memorandum, being ambiguous, he, knowing its meaning, could explain the symbols and marks used in the memorandum so as to render it intelligible.

**7. Criminal law ⬩435—Testimony and memorandum used constitute positive statement of truth of memorandum.**

Testimony of witness authenticating explaining and testifying to correctness of his memorandum with the memorandum amounts to positive statement of the witness affirming the truth of his memorandum.

**8. Criminal law ⬩1169(9)—Admission of evidence of value harmless in view of other evidence.**

Any error in admitting a witness' valuation of the stolen tobacco was rendered harmless by the testimony of other witnesses and the testimony of defendant to a value in excess of that necessary to make the crime a felony.

**9. Criminal law ⬩421(1)—Testimony to identity based on information from others inadmissible.**

Testimony of a witness that he went and got the original waybills, he not knowing they were such except as he may have been informed by others, was his conclusion, based on hearsay.

**10. Criminal law ⬩1169(1)—Incompetent evidence of fact unnecessary to case harmless.**

Testimony of witness to going and getting the original waybills, a conclusion ·based on hearsay, was harmless; the original bills not being necessary to the state's case. ·

**11. Criminal law ⬩409—Admission of possession competent when crime otherwise shown.**

There being evidence sufficient for the jury as to the commission of the larceny and the identity of the goods, it was proper to prove defendant's admission of possession, a proper predicate of its voluntary character being laid, his recent unexplained possession of stolen goods being presumptive of his guilt of the larceny.

**12. Larceny ⬩51(1)—Third person's possession admissible when shown obtained from defendant.**

Admission of evidence of some of the stolen tobacco in evidence having been obtained from another than defendant was not error, being followed by evidence of the other's possession having been obtained from defendant.

**13. Larceny ⬩41—Recent possession must be explained by defendant.**

Recent possession of stolen tobacco having been shown in defendant, he was. bound to explain it, or rest under the presumption that he had stolen it.

**14. Criminal law ⬩695(6)—Objection to all of evidence, part of which is competent, unavailing.**

Objection to introduction of tobacco in evidence was unavailing, being directed to all of the tobacco, some of which, being identified as the stolen goods, was competent.

**15. Criminal law ⬩423(3)—Larceny ⬩49— Receiving stolen goods ⬩8(2)—Evidence of acts of defendant and coconspirator held admissible to connect defendant with· offense.**

As tending to prove that defendant, charged both with larceny of tobacco and receiving

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

stolen tobacco, was either a conspirator with M. in the larceny or received the tobacco with guilty knowledge, it could be shown that M., a switchman in the railroad yards where the tobacco was stolen, stored at night in a barn rented by him a large quantity of tobacco, and shortly afterwards defendant came and took it away, and told witness' wife to burn the strips containing marks that came off the boxes.

**16. Criminal law ☞423(2)—Acts and statements of conspirator in consummation of common purpose admissible.**

On proof tending to show conspiracy between defendant and another to commit a crime, anything said or done by the other in consummation of the common purpose though out of defendant's presence, would be admissible against defendant, being part of the res gestæ.

**17. Criminal law ☞424(3)—Acts and statements of conspirators after accomplishment of object inadmissible.**

Anything said or done by defendant's claimed coconspirator long after consummation of the common purpose, and out of defendant's presence and without his knowledge, as procuring witnesses to leave the jurisdiction, is inadmissible; proof of the other's guilt being unnecessary to establish that of defendant.

**18. Larceny ☞51(1)—Receiving stolen goods ☞8(2)—Evidence held admissible to prove defendant's possession.**

Evidence that persons had bought some of the tobacco in evidence from defendant, and that he reimbursed them for it after the detectives took it, was admissible to prove defendant's possession of the stolen property, and this though the particular tobacco was not included in the indictment; there being evidence that all of it was stolen at the same time.

**19. Criminal law ☞370—Evidence of receiving other stolen goods admissible.**

On prosecution for receiving stolen property, evidence that defendant about the same time received other articles from the same person knowing they had been stolen is admissible to show guilty knowledge.

**20. Criminal law ☞676—Limiting introduction of character witnesses held error.**

Refusal to allow defendant to introduce more than six of the character witnesses whom he had ready to testify was error, defendant's only defense being that he bought the goods pursuant to an agreement with the owner in furtherance of a plan to catch the real thief, so that character was one of the main facts in issue.

**21. Witnesses ☞301—Defendant on cross-examination may be asked any question material to issue of guilt.**

Defendant, offering himself as a witness, waives his right under Const. 1901, § 6, providing that a defendant shall not be compelled to give evidence against himself, and so on cross-examination may be asked any question material to the issue of his guilt, as whether on trial of another for the same offense he did not refuse to testify against him, on the ground that he would incriminate himself.

**22. Criminal law ☞404(4)—Goods admissible in evidence on proper predicate.**

There being evidence that all the tobacco present at the trial had been stolen, and that with knowledge of this defendant purchased it with guilty intent, the tobacco was admissible in evidence.

**23. Criminal law ☞1119(4) — Objection to solicitor's remarks not considered on appeal, where not incorporated in bill of exceptions.**

Objection to remarks of solicitor, not being incorporated in the bill of exceptions, will not be considered on appeal.

**24. Criminal law ☞406(7)—Receiving stolen goods ☞8(2)—Evidence held admissible on mala fides.**

As to the mala fides of the transaction, defendant's acts and declarations regarding it, and how he received the property, what he said when he received it, and what he did with it afterwards, are admissible.

On Rehearing.

**25. Criminal law ☞1186(4)—Limiting number of character witnesses held not harmless error.**

The honesty and integrity of defendant being a vital issue because of the single defense of defendant's purchase of the goods by arrangement with the owner as part of a plan to catch the real thief, limiting the number of defendant's character witnesses cannot, under rule 45 (175 Ala. xxi, 61 South. ix), be held harmless error.

**26. Criminal law ☞1133—Filing application for rehearing necessary.**

No application for rehearing being filed, there is nothing before the court for consideration, notwithstanding the filing of brief in support of propositions.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

G. D. Leverett was convicted of grand larceny and receiving stolen property, and he appeals. Reversed and remanded.

Ludlow Elmore, J. S. Parrish, and T. E. Martin, all of Montgomery, for appellant.

The court should have granted a motion to quash the indictment. 17 Ala. App. 656, 88 South. 61. The court erred in the admission of the waybill, and the check marks thereon, and their explanation. 63 Ala. 494, 35 Am. Rep. 54; 1 Elliott, Ev. 553. The court erred in admitting the testimony of one Spear. Authorities supra. The court erred in permitting the question to the defendant as to his declining to testify on another occasion. 72 Ala. 244; 86 Ala. 610, 6 South. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84; 131 Ala. 10, 31 South. 569; section 6, Const. 1909. Counsel discuss other assign-

ments of error, but without other citations of authority.

Harwell, G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion to quash the indictment was not presented for review, as it does not appear to have been acted upon. 11 Ala. App. 72, 66 South. 128; 149 Ala. 44, 43 South. 22. The court did not err in limiting the number of character witnesses. 16 Ala. App. 126, 75 South. 718; Jones on Ev. 1157; 3 Wigmore, § 1908; rule 45, S. C. Practice; 40 Cyc. 2632. Counsel discuss other assignments of error, but without citations of authority.

SAMFORD, J. [1] The defendant moved to quash the indictment because there was no division of the circuit court of Montgomery county in accordance with an act of the Legislature, approved September 25, 1915 (Acts 1915, p. 813). It is insisted in appellant's brief that this should work a reversal of the judgment, but there is no judgment of the court on this motion, appearing in the record, and for that reason is not reviewable. Wise v. State, 11 Ala. App. 72, 66 South. 128.

[2-7] The ownership of the property alleged to have been stolen was properly laid in the Western Railroad. Vaughn v. State, 17 Ala. App. 35, 81 South. 417. To prove this ownership or right to possession, which in a larceny case amounts to the same thing, the state had a right to prove by the checking clerks of the railway company that from a waybill they checked certain tobacco from one car into another as going to show the possession of the railway company to the property so checked, and afterwards found in the possession of defendant. Of course, if it should afterwards appear that this property did not come to the possession of defendant, such testimony would not be relevant, and it would be the duty of the court to exclude it, but such would not be the case here, as upon the whole evidence adduced it was for the jury to say whether the property had been so identified.

Upon the admissibilty of this testimony it is urgently insisted that the court erred in permitting the witnesses to testify from the waybills and the check marks made there by themselves; the witnesses stating that they had no independent recollection of the transaction except as shown by the waybills and their check marks on them, but that they had made the check marks, indicating that certain goods had been received in a certain car, and marked in a certain way, by which they could be identified. When the witness took the waybill describing certain articles, and by it checked the freight from the car and placed checks or marks on the bill, indicating the correctness or incorrectness of the count, he thereby made it his memoran-

dum, and when properly authenticated as such and as to its correctness when made and at the time of trial, was admissible in evidence. Floyd v. Pugh, 201 Ala. 29, 77 South. 323; Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54. And, knowing its meaning, and it being ambiguous, he could explain the symbols and marks used in the memorandum so as to render it intelligible. 6 Michie's Digest, 411, § 345; 13 Michie's Digest, 1062, § 243(11). The court therefore, on the facts as they appear in this record, properly admitted the waybills in evidence, and did not err in overruling the defendant's motion to exclude the testimony of the check clerks on this question, as the testimony of the witness, coupled with the waybills, were equivalent to a present, positive statement of the witnesses, affirming the truth of the memorandum. 1 Greenleaf, Ev. §§ 436, 437.

From this testimony, together with the other testimony, the jury could draw the conclusion that the tobacco described in the indictment was in the possession of the Western Railway, and that it was stolen from one of its cars while in Montgomery county, Ala., and that it was about June 14th. Upon the same principle the testimony and memorandum of Kent, the seal clerk, was admissible.

[8] The valuation of the tobacco by the witness Moore, if error, was afterwards rendered harmless by the testimony of other witnesses and by the defendant himself, who testified to a valuation largely in excess of the amount necessary to make the crime a felony.

[9, 10] It was error for the court to have allowed the witness Spear to testify that he went to Winston-Salem, N. C., and got the original waybills and got the property "matched" by those bills. This was a conclusion of the witness based upon hearsay. The original waybills had not been identified or authenticated by the proper agent of the company, nor did Spear know they were original waybills, except as he may have been informed by others. But the fact of the original waybills was not necessary to the state's case. The possession of the goods, as carrier, had already been proven in the Western Railway by the testimony of the check clerk and the waybills from which they checked the goods, and the subsequent identification depended upon them. If the goods were in the possession of the Western Railway when put into one of its cars and scaled, and when the car was again checked, shortly afterwards, the goods were gone, and shortly thereafter goods of the same kind are found and in the same marks or of the same kind, with signs showing the obliteration of the marks, it would then be for the jury to say whether they were the same goods, as those stolen. If a witness has seen an article and observed it, if subsequently it is shown him,

he may say, if he knows, this is the same article, but, if his knowledge of the article is confined to information obtained from descriptions made by others, if he say "this is the article," such statement is a conclusion, based on hearsay and is incompetent. Chilton v. State, 105 Ala. 98, 16 South. 797; 4 Michie's Digest, 206, § 285.

[11] Facts having been testified to from which the jury could conclude that the larceny had been committed, and the state having introduced evidence describing the goods, and goods themselves being in evidence of similar kind and similar marks, or on which were signs showing where marks had been obliterated, it was a jury question to say as to the corpus delicti and the identity of the goods, and therefore, a proper predicate having been laid as to its voluntary character, it was proper to prove the admissions of the defendant relative to his possession, as going to show that possession, the recent unexplained possession of stolen goods being presumptive of defendant's guilt as to the larceny count. Taylor v. State, 42 Ala. 529; Maynard v. State, 46 Ala. 85.

[12, 13] There was some testimony by the witness Spear to the effect that he had obtained some of the tobacco in evidence from one Dean and others. This would have been error but for the fact that Dean's possession was afterwards shown to have been obtained from defendant. The state cannot prove its entire case at once and by the same witness. It is sufficient if when all the facts and circumstances are proven they each are connected and tend to connect the defendant with the crime. If not, such testimony should be excluded. In this case a large quantity of tobacco was stolen from the Western Railway. The officers and agents of the company, in searching for the stolen property, went to many places and gathered in tobacco of similar description, and brought it into court for identification. This tobacco was all traced to the recent possession of the defendant, and as to that part which the jury, on the evidence, should find was the tobacco described in the indictment, it was incumbent on the defendant to explain his possession consistent with honesty, or rest under the presumption that he had stolen it.

[14] The objection of the defendant to the introduction of the tobacco in evidence was directed to all of the tobacco, some of which, having been identified as the stolen goods, was competent. Piano v. State, 161 Ala. 88, 49 South. 803.

[15, 16] It was not error for the court to permit the state to show that one McArdle was employed as a switchman in the yards of the Western Railway from which the goods were stolen, at the time they were stolen; that he had no other business; that he rented a barn from witness on the outskirts of town and near witness' house;

that he stored a large quantity of tobacco in the barn in the nighttime; that a short time afterwards defendant came in an automobile and took the tobacco away; that defendant told witness' wife to burn the strips that came off the boxes containing marks, etc.—all this tending to prove that McArdle was either a conspirator with defendant in the larceny, or that he received the tobacco with a guilty knowledge. In fact, facts having been shown tending to prove a conspiracy between defendant and McArdle, anything said and done by either in consummation of the common purpose during the pendency of the conspiracy would be admissible against either, whether the other was present or not. The rule as it appears in De Bardeleben v. State, 16 Ala. App. 367, 368 (4, 5), 77 South. 979 is misleading. In that case the statements spoken of were in fact made after the consummation of the conspiracy and were so dealt with, and the opinion in that case should read:

"*Statements made after the consummation of the conspiracy, as to measures taken in the execution or furtherance of the common purpose, are not revelant as such as against any conspirators except those by whom or in whose presence such statements were made*"

—the obvious reason being that statements made, or acts done, during the pendency of the conspiracy are a part of the res gestæ and when made afterwards they are not. Durden v. State (Ala. App.) 93 South. 342 (4 Div. 761);[1] McAnally v. State, 74 Ala. 9; Johnson v. State, 87 Ala. 39, 6 South. 400; Hunter v. State, 112 Ala. 77, 21 South. 65.

[17] Therefore the acts and declarations of McArdle long after the consummation of the common purpose, not in the presence or hearing of defendant, and with which defendant is not shown to have been connected, should not have been admitted in evidence; they not being a part of the res gestæ. 5 R. C. L. 1089, § 39; Martin v. State, 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91. Therefore we held that the acts and declarations of McArdle in going to the witness Shaeffer on Sunday before the case of McArdle was to be tried in the circuit court of Montgomery county, wherein McArdle was charged with the larceny of the goods involved in this prosecution, in the absence of defendant and without his knowledge or consent, were not admissible in evidence against this defendant. Such acts were certainly not in pursuance of the common purpose to commit the larceny and the fact that McArdle was either guilty or innocent not being necessary in establishing the guilt or innocence of defendant.

The fact that McArdle, against whom a prosecution was pending in the circuit court

---

[1] Ante, p. 498.

of Montgomery county on a charge of the larceny of the same goods as those described in this indictment, procured the witness Mrs. Shaeffer and her husband to leave the jurisdiction of the court was not admissible against the defendant in this case.

[18, 19] It was competent to show by Shirley and others that they had bought some of the tobacco in evidence from defendant, and that defendant had reimbursed them for it, after the detectives had taken it away, as tending to prove the possession of the stolen property in the defendant. And the fact that this particular tobacco was not included in the indictment would make no difference. There being evidence tending to prove that all of this tobacco was stolen at the same time, and that defendant knew it, it is permissible to adduce evidence that on other occasions, about the same time, the defendant received other articles from the same person knowing that they were stolen, to show a guilty knowledge. Piano v. State, 161 Ala. 88, 49 South. 803.

[20] After the state had closed its case, the defendant put in issue his character by introducing several citizens, who testified that they knew him, and that his character was good. After having examined six witnesses on this point, the trial judge of his own motion announced that he would not permit the introduction of any further character witnesses for defendant. The defendant offered others ready to testify, but the court declined to permit it, to which exception was reserved, why the court made this ruling does not appear in the record, and we are unable to conceive of a legal reason that would justify it. Character is an evidentiary fact, to be considered along with all the other evidence in the case, and when so taken and considered may of itself generate in the minds of a jury a reasonable doubt of defendant's guilt. Even in a civil case, where by statute the proof of other facts may be said, in a measure, to be limited to proof by two witnesses, by a provision that the attendance of only two witnesses to the same facts may be taxed in a bill of costs, an exception is made where character is involved. Code 1907, § 3679. The Constitution guarantees to the defendant compulsory process for his witnesses, and neither the Legislature nor the courts can deprive him of that right. Bush v. State, 168 Ala. 77, 53 South. 266. And when the witnesses are in attendance it would be a practice dangerous in its tendencies to permit a court to say that no further witness can be examined. Especially is this so in a case of this kind, where the only defense offered is that the defendant bought the goods in accordance with an agreement had with the possessor (the Western Railway) in furtherance of a plan to catch the real thief. In such a case the character of the defendant is of the utmost importance, and any limitation

placed upon him in establishing that character by limiting the number of witnesses to be examined by him on that point is unwarranted in law. It is the general rule that, within reasonable bounds, the court may, in its discretion, limit the number of witnesses who may be called to prove a particular link in the chain of evidence. Jones v. Slidewell, 53 Ark. 161, 13 S. W. 723, 7 L. R. A. 831. But a different rule obtains where character, as in this case, is one of the main facts in issue. Ward v. Dick, 45 Conn. 235, 29 Am. Rep. 677. The court erred in refusing to allow the defendant to introduce additional witnesses as to his character.

[21] The solicitor was permitted to ask the defendant when being examined as a witness: "You declined yesterday to testify against McArdle on the ground that you would incriminate yourself, didn't you?" The defendant, over his objection, was forced to answer this question. The examination proceeded further and at length along this line, but the above will serve to illustrate the ruling here made. Section 6 of the Constitution provides that a defendant shall not be compelled to give evidence against himself, and our decisions have added: "And his refusal cannot be proven as a circumstance against him." Kelly v. State, 72 Ala. 244; Cooper v. State, 86 Ala. 610, 6 South. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84; Davis v. State, 131 Ala. 10, 31 South. 569. But, when a defendant offers himself as a witness he waives his constitutional right, and on cross-examination he may be examined touching any question material to the issue of his guilt or innocence. Carpenter v. State, 193 Ala. 51, 69 South. 531; Cotton v. State, 87 Ala. 103, 6 South. 372; Pate v. State, 150 Ala. 10, 43 South. 343.

[22] There was evidence tending to prove that all of the tobacco present at the trial and offered in evidence had been stolen, and with a knowledge of this fact defendant had purchased it with the guilty intent. Where this is the case the goods are admissible in evidence. Gassenheimer v. State, 52 Ala. 313.

[23] The objection of the defendant to the remarks of the solicitor are not incorporated in the bill of exceptions, and therefore will not be considered here.

There are a vast number of objections and exceptions to evidence, some of which may have merit and many have not, but we think it unnecessary to pass upon them, as the same question will not probably arise on another trial.

[24] As to the mala fides of the transaction, the acts and declarations of defendant regarding the transactions are relevant, and how he received the property, what he said when he received it, and what he did with it afterwards, should all go to the jury, that

they might judge as to whether he was acting honestly or as a thief.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

## On Rehearing.

It is earnestly insisted in brief that the court erred in two particulars in the original opinion:

[25] First as to the action of the trial court in limiting the examination of witnesses to prove the character of defendant. There are cases where the trial court would not be reversed for having limited the number of character witnesses to be examined to sustain the defendant's character, but where this is the case, it is by reason of rule 45 (61 South. ix[1]), placing in the appellate court a power which should at all times be exercised with great caution. Such was the case of Norris v. State, 16 Ala. App. 126, 75 South. 718, in which the court, after considering the whole record, concluded that the substantial rights of the defendant had not been injured by the exclusion of the testimony of a single witness. In the case at bar, the honesty and integrity of the defendant was a vital issue, and the limit placed by the court as to proof of character may have been one of serious injury to the defendant.

Second. We note the force of the argument that any evidence tending to prove the guilt of the person who actually stole the goods, the subject of the prosecution, should be admissible in evidence, and that is true to a degree. But the guilt or innocence of another person as to these particular articles is immaterial to the issue involved in this prosecution. If the contentions of the state were true, and it were necessary to a conviction in this case for the state to prove that McArdle was the guilty agent, the judgment of acquittal in the case, charging McArdle with the larceny of those goods, would appear to be relevant and pertinent. But, such is not the case. Whether McArdle is adjudged guilty or innocent is of no moment. If in proving the original theft, McArdle appears as the guilty agent, it is a mere incident in the trial, and his acts and doings connected in any way with the thefts, prior to the consummation of the crime, are relevant. As to what he did afterwards may have been evidence against him, but cannot be used against this defendant.

[26] We have said this much in response to the very able brief filed in support of the foregoing propositions, but, there being no application for rehearing filed, there is nothing before the court for consideration.