(101 So. 522)

**LATNER et al. v. STATE.**    (4 Div. 953.)

(Court of Appeals of Alabama. June 30, 1924. Rehearing Denied July 22, 1924.)

1. **Criminal law** �kö=814(17)—**Evidence for state being direct, charge concerning circumstantial evidence was properly refused.**

Evidence for state being positive and not circumstantial, charge upon circumstantial ev-

idence was properly refused as abstract and misleading.

## 2. Criminal law ⚌676—Action of court in limiting number of character witnesses held proper.

After defendants had introduced twelve witnesses who testified to their good character, and said they had five more, it was not error for the court thereupon to admit that the other witnesses would testify to good character and to refuse to permit them to testify.

## 3. Criminal law ⚌676 — Rule stated as to right of court to limit number of witnesses called to prove particular fact.

Within reasonable bounds court may in its discretion limit number of witnesses who may be called to prove particular fact in issue, but not where fact is one of main facts in issue.

Appeal from Circuit Court, Covington County, W. L. Parks, Judge.

Alva K. Latner and Fred Latner were convicted under an indictment charging the manufacture of prohibited liquors and possession of a still, and appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Latner, 211 Ala. 613, 101 So. 523.

Charge 3, refused to defendants, is as follows:

"(3) The court charges you, gentlemen of the jury, that the humane provisions of the law is that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the defendants, or either of them, and no matter how strong may be the circumstances, if they can be reconciled with the theory that some other persons have done the act, then the guilt of the defendants is not shown by that full measure of proof the law requires, and you should acquit them."

E. O. Baldwin, of Andalusia, for appellants.

Charge 3 should have been given. Gay v. State, 19 Ala. App. 238, 96 So. 646; Gilmer v. State, 99 Ala. 154, 13 So. 536.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony was direct and positive as to defendant's guilt, and charge 3 was properly refused. Tatum v. State, ante, p. 24, 100 So. 569.

SAMFORD, J. [1] The evidence for the state was positive as contradistinguished from circumstantial evidence, and hence charge No. 3 requested in writing was abstract and misleading. The charge, under the evidence in this case, was properly refused. Bosteen Tatum v. State (Ala. App.) ante, p. 24, 100 So. 569; Ex parte Bud Hill v. State, 19 Ala. App. 618, 100 So. 315.

[2, 3] After the defendants had introduced twelve witnesses, who testified to the defendants' good character, the court asked defendants' counsel how many more witnesses he had to offer as to defendants' character. Counsel replied giving the names of five additional witnesses. It was thereupon admitted that these witnesses would so testify, and the court refused to permit the time of the court to be further consumed upon a question not disputed. This presents an entirely different question to that considered in Leverett v. State, 18 Ala. App. 578, 93 So. 347. In the Leverett Case one of the main facts in issue was the honesty of the defendant; here it is not. There the defendant's character for honesty and integrity was being assailed; here there is no dispute as to the previous good character of defendants. Within reasonable bounds the court may in its discretion limit the number of witnesses who may be called to prove a particular fact in issue. Leverett's Case, supra; Jones v. Glidewell, 53 Ark. 161, 13 S. W. 723, 7 L. R. A. 831. But not where the fact sought to be proved is one of the main facts in issue. Ward v. Dick, 45 Conn. 235, 29 Am. Rep. 677.

We find no error in the record, and the judgment is affirmed.

Affirmed.