(104 So. 141)

## WILLIS v. STATE.   (1 Div. 599.)

(Court of Appeals of Alabama.   April 21, 1925.)

**1. Criminal law** ⬤═676 — **Court cannot limit number of character witnesses for defendant.**

Court cannot limit defendant's examination of character witnesses in attendance to any particular number, in view of constitutional right to compulsory process, especially as, in prosecution for distilling, character is evidentiary fact, which, when considered with all other evidence, may generate reasonable doubt of defendant's guilt.

**2. Criminal law** ⬤═1134(3) — **Questions not likely to arise on retrial not decided.**

Questions not likely to arise on another trial need not be decided.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Claude Willis was convicted of distilling, and he appeals. Reversed and remanded.

Chas. W. Tompkins, of Mobile, for appellant.

The trial court erred in its rulings and remarks upon the admission of character evidence. Medders v. State, 19 Ala. App. 628, 99 So. 777.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The appellant prosecutes this appeal from a judgment of conviction of the offense of distilling. It would serve no useful purpose to discuss or detail the evidence offered upon the trial. We content ourselves by stating that the same made a proper case to be submitted to the jury, and the court did not err in refusing the general affirmative charge, duly requested, in favor of the defendant.

[1] After the state had closed its case, the defendant put in issue his character by introducing several citizens, who testified that they knew him, and that his character

was good. After having examined four witnesses on this point, the defendant's attorney stated to the court that he had three additional witnesses that he desired to offer, who would testify that the defendant was a man of good reputation, etc.; whereupon the court stated: .

"We cannot stay here all day examining character witnesses, as we have too many cases to try." "I repeat it; we have got too many cases yet to try; I will let you examine two more character witnesses."

Proper exception was reserved to the statements of the court, and to the shortly thereafter following action of the court, after two other witnesses had been examined with reference to the defendant's good character, in refusing to allow another and additional character witness to be examined. We can do no better than to quote and adopt as our own, as in all things applicable here, the clear, able, and convincing language used by Associate Judge Samford in the opinion in the case of Leverett v. State, 18 Ala. App. 578 (582), 93 So. 347, 351, which is as follows:

"Character is an evidentiary fact, to be considered along with all the other evidence in the case, and, when so taken and considered may of itself, generate in the minds of a jury a reasonable doubt of defendant's guilt. Even in a civil case, where by statute the proof of other facts may be said, in a measure, to be limited to proof by two witnesses, by a provision that the attendance of only two witnesses to the same facts may be taxed in a bill of costs, an exception is made where character is involved. Code 1907, § 3679. The Constitution guarantees to the defendant compulsory process for his witnesses, and neither the Legislature nor the courts can deprive him of that right. Bush v. State, 168 Ala. 77, 53 So. 266. And when the witnesses are in attendance it would be a practice dangerous in its tendencies to permit a court to say that no further witness can be examined. Especially is this so in a case of this kind. * * * In such a case the character of the defendant is of * * * importance, and any limitation placed upon him in establishing that character by limiting the number of witnesses to be examined by him on that point is unwarranted in law. It is the general rule that, within reasonable bounds, the court may, in its discretion, limit the number of witnesses who may be called to prove a particular link in the chain of evidence. Jones v. Slidewell, 53 Ark. 161, 13 S. W. 723, 7 L. R. A. 831. But a different rule obtains where character, as in this case, is one of the main facts in issue. Ward v. Dick, 45 Conn. 235, 29 Am. Rep. 677. The court erred in refusing to allow the defendant to introduce additional witnesses as to his character."

[2] Other questions, involving the admission of alleged hearsay evidence, will not be decided, for the reasons that the same involve only elementary principles, and will not likely arise on another trial of this case.

For the error pointed out, let the judgment of conviction be reversed and the cause remanded.

Reversed and remanded.