BOWEN, Presiding Judge.
David Oliver was indicted and convicted for theft of property in the first degree in violation of Alabama Code 1975, § 13A-8-3. Sentence was twenty years’ imprisonment. Two issues are raised on appeal.
I
Montgomery County Sheriff’s Department Investigator Barbara Gail was permitted to testify to the amount of money and the denominations of the money removed from the defendant and his two companions when they were placed in the Troy city jail even though she did not personally observe the removal of the money. The trial judge ruled, “Under circumstantial evidence it’s hearsay but, I believe, permissible.”
This testimony, and the receipts Investigator Gail gave to the Troy police for the money, constituted inadmissible hearsay evidence. See C. Gamble, McElroy’s Alabama Evidence § 242.01(1) (3rd ed. 1977); Leverett v. State, 18 Ala.App. 578, 580, 93 So. 347, 349 (1922). Even if the receipts were considered a police report, they were not admissible as an exception to the hearsay rule under the business records exception. McElroy, § 254.01(8). Moreover, even if police reports were admissible as business records in Alabama, in this case the prosecutor did not lay a proper predicate for the admission of business records. Coleman v. State, 423 So.2d 276, 279-80 (Ala.Cr.App.1982).
This hearsay testimony was incriminating and tended to connect the defendant to the crime charged. For that reason, it cannot be considered harmless error. Although the defendant admitted having approximately fifty dollars on his person, he did not testify about the particular denominations possessed and it was the evidence of the denominations of the money which was so incriminating.
The judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.