ON APPLICATION FOR REHEARING
In the opinion on original submission, the judgment of the trial court was reversed and the cause remanded for another trial on the sole ground that “the trial court was in error in limiting the number of character witnesses that defendant’s attorneys would call in his behalf.”
In the argument of counsel for the State in support of the application for rehearing by the State, the single issue presented is thus captioned:
“WHETHER IT WAS WITHIN THE TRIAL COURT’S DISCRETION TO LIMIT THE NUMBER OF DEFENSE CHARACTER WITNESSES? YES.”
Counsel for the State argue that the application for rehearing is supported by the cases of Latner v. State, 20 Ala.App. 180, 101 So. 522 (1924), cert. denied, Ex parte Latner, 211 Ala. 613, 101 So. 523 (1924), and Williams v. State, 34 Ala.App. 253, 39 So.2d 29 (1948). In quoting from the Court of Appeals in Latner v. State, brief of counsel in support of the application for rehearing states:
“After the defendant had introduced twelve witnesses, who testified to the defendant’s good character, the court asked defendant’s counsel how many more witnesses he had to offer as to defendant’s character. Counsel replied giving the name of five additional witnesses. It was thereupon admitted that these witnesses would so testify, and the Court refused to permit the time of the Court to be further consumed upon a question not disputed_ Within reasonable bounds the Court may in its discretion limit the number of witnesses who may be called to prove a particular fact in issue. [Emphasis added, citations omitted].”
However, we should observe that in the opinion of the Court of Appeals in Latner v. State the case was distinguished from *228 Leverett v. State, 18 Ala.App. 578, 93 So. 347 (1922) by the following:
“This presents an entirely different question as to that considered in Leverett v. State, 18 Ala.App. 578, 93 So. 347. In the Leverett case one of the main facts in issue was the honesty of the defendant; here it is not. There the defendant’s character for honesty and integrity were being assailed; here there is no dispute as to the previous good character of defendants.”
Counsel for appellee cites also the case of Williams v. State, 34 Ala.App. 253, 39 So.2d 29 (1948), in support of the State’s position. In our opinion, it does not support the State’s position, as shown by the following in the opinion in Williams v. State, 39 So.2d at 33:
“Our courts are committed to the doctrine that a trial judge cannot limit defendant’s character witnesses in attendance to any particular number. There seems to be an exception to the rule if the factual issue as to character of the defendant is not in dispute, and in some cases Supreme Court Rule 45 has been applied. [Citation of authorities].”
The application for rehearing should be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.