Riley Martin Goodwin was convicted of robbery in the first degree and sentenced as a habitual offender to life imprisonment without the possibility of parole. Three issues are argued on appeal.
 I
The following requested charge was properly refused:
 "It is the Defendant, Riley Martin Goodwin's, theory of the case, and there was testimony to support his theory, that the two witnesses are mistaken in their identification of him. Furthermore, Mr. Goodwin states that he was at a friend's home at the time the robbery was committed."
The defendant argues that, since he did not testify in his own behalf, this requested charge was "his only opportunity to express to the jury his view of what occurred and where he was at the time this crime took place." Appellant's brief, p. 7.
The trial judge charged the jury that "the defendant has offered evidence that he was elsewhere than at the time and the place and at the moment when this offense was committed" and instructed the jury on alibi evidence.
This charge was properly refused because it stated that "there was testimony to support his theory." "Requested instructions that the evidence 'tends' to show certain matters are properly refused as invasive of the province of the jury."White *Page 820 v. State, 410 So.2d 135, 137 (Ala.Cr.App. 1981).
At trial, there was no evidence that the defendant "stated" anything about an alibi. If the defendant wanted to "express to the jury his view of what occurred" he should have either testified himself or presented other witnesses who could testify to his statements. Because the defendant had not "stated" anything, this portion of the requested charge was abstract and properly refused for that reason also.
 II
The defendant argues that the trial judge erred in refusing to grant his requested continuance to secure the attendance of an alleged "crucial defense witness." The witness was Ricky Goodwin, the defendant's brother. He would provide the defendant with an alibi. The continuance was properly denied.
The following occurred immediately before trial:
 "MR. BLALOCK [Defense Counsel]: One thing, Your Honor. The defendant's brother here, Ricky, is the one I told you this morning was in jail up at Jasper. We have Tracy here and she's available to us. He is one of the people subpoenaed by us. I haven't contacted Jasper. It's just my understanding from talking to my client that he has talked to Tracy. I guess, Tracy is Ricky Goodwin's wife, yes, Ricky Goodwin's wife; stated that he had been picked up in Jasper."
At this time, no continuance was requested and there was no further inquiry into the matter after the trial judge stated that he would "see" why Ricky had been arrested. The defendant proceeded to trial without objection. Tracy Goodwin testified at trial as a defense witness — the defendant's only alibi witness.
The trial began one day and the next day the State rested its case-in-chief. Defense counsel moved for a judgment of acquittal, presented defense witnesses Tracy Goodwin and Birmingham Police Officer A.W. Bates, and stated "we rest." Only after this did defendant request a continuance to secure his brother's presence at trial.
The record shows that defense counsel "talked to" Ricky "last night" (between the first and second day of trial), that a subpoena and at achment had been issued, and that Ricky could not be found and did not appear to testify for his brother.
In overruling the motion for a continuance, the trial judge stated: "Since he was contacted by the defendant and we sent on attachment for him, he was subpoenaed, and doggone, if he's not going to show up for his own brother's trial then — I can understand the problem, but we've had testimony [from Tracy Goodwin] consistent with his so I'm going to overrule the motion for a continuance at this time."
The general rule is that "[a] movant [for a continuance] must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable testimony would be tendered by the witness, that the witness is available and willing to testify, and that the denial of a continuance would materially prejudice the defendant." United States v.Uptain, 531 F.2d 1281, 1287 (5th Cir. 1976). Here, the defendant made no showing that his brother was "available and willing to testify. This alone is enough to justify denial of [the] continuance." Uptain, 531 F.2d at 1289. See also Bush v.State, 168 Ala. 77, 53 So. 266 (1910) (not error to refuse continuance where subpoena returned "not found" and witness's location unknown).
 III
The defendant alleges that the trial judge erred in using one of his three prior convictions to enhance his sentence because the certified copy of that conviction did not show that the defendant had waived youthful offender status.
The certified copy of one trial docket sheet shows that on February 3, 1976, the defendant pleaded guilty to second degree burglary. His penitentiary sentence of one year and one day was suspended and the defendant was placed on two years' probation. The other two certified copies of the convictions reveal that the defendant waived, in one (grand larceny), and was *Page 821 
denied in the other (receiving stolen property), youthful offender treatment. The defendant pleaded guilty to burglary and receiving stolen property on the same date.
While a prior adjudication as a youthful offender cannot be used to enhance punishment under Alabama's Habitual Felony Offender Act, Ex parte Thomas, 435 So.2d 1324, 1326 (Ala. 1982), the properly authenticated evidence of a prior felony conviction need not indicate that the accused waived youthful offender treatment or was denied treatment as a youthful offender.
Youthful offender rights under a prior conviction cannot be raised at the sentencing hearing of an habitual felony offender but may be challenged by a petition for writ of error coram nobis. Jones v. State, 431 So.2d 1367, 1372 (Ala.Cr.App. 1983), followed in Ex parte Scott, 460 So.2d 1371, 1374 (Ala. 1984).
All prior felony convictions may be considered under the Habitual Felony Offender Act regardless of their "age".Long v. State, 446 So.2d 658, 660 (Ala.Cr.App. 1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.